**IN THE COURT OF APPEALS OF IOWA**

No. 21-1816
Filed February 16, 2022

**IN THE INTEREST OF M.W. and L.W.,**
**Minor Children,**

**J.W., Father,**
    Appellant.
_____

    Appeal from the Iowa District Court for Carroll County, Joseph McCarville,

District Associate Judge.

    A father appeals the removal of two children from his care following a

dispositional review hearing in a child-in-need-of-assistance proceeding.

**AFFIRMED.**

    Kelsea M. Hawley of Minnich, Comito & Neu, P.C., Carroll, for appellant

father.

    Thomas J. Miller, Attorney General, and Mary A Triick, Assistant Attorney

General, for appellee State.

    Mary M. Lauver of Lauver Law, Lake City, attorney and guardian ad litem

for minor children.

    Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**CHICCHELLY, Judge.**

This appeal concerns the removal of two teenage children from their father's care following a dispositional review hearing in a child-in-need-of-assistance (CINA) proceeding. The father appeals this removal, challenging the evidence supporting the modification and arguing removal is not in the children's best interests. We disagree and affirm the modification.

This family came to the attention of the Iowa Department of Human Services (DHS) in February 2021 based on concerns that both parents were using methamphetamine in the home, the home was unsafe because of unsanitary conditions, and the children were not attending school. Because the parents were unwilling to work with the DHS, the State filed a CINA petition, which the juvenile court granted in a July 2021 order.[1]

Since the CINA adjudication, the parents have separated and taken different paths. The mother has been open and cooperative with the DHS, admitting that both she and the father used marijuana and methamphetamine. The mother claimed she stopped using both when the DHS began investigating the family, and she supported this claim with a drug test that was negative for all substances. By the time of the dispositional review hearing in November 2021, the DHS had no continuing concerns about the mother's ability to care for the children.

Concerns, however, persist about the father. Although he obtained clean and suitable housing, the father was unequivocal in refusing to test for drug use.

---

[1] The juvenile court adjudicated the children as CINA under Iowa Code section 232.2(6)(b), (c)(2), (g), and (p) (2021).

He also allowed the maternal aunt, who admits methamphetamine use, to move into his home. After the review hearing, the juvenile court modified the dispositional order to remove the children, place them in DHS custody, and prohibit them from going to the father's home "until he has submitted a clean drug test and all people living with him are approved by DHS."

The father now appeals, arguing that removal is not in the children's best interests and challenging the evidence supporting the modification. "We review CINA proceedings de novo." *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). We give weight to the juvenile court's fact findings, although they are not binding. *See id.* Our primary concern is the best interests of the children. *See id.*

The juvenile court may modify a dispositional order if "[t]he efforts made to effect the purposes of the order have been unsuccessful and other options to effect the purposes of the order are not available."[2] Iowa Code § 232.103(4)(c). Here, the juvenile court adjudicated the children as CINA because of substance use in the home. Although four months passed, the safety concern remained because the father refused drug testing and has allowed a known methamphetamine user to live in his home. The State proved the grounds for modification under section 232.103(4)(c).

---

[2] The father challenges the modification because the juvenile court failed to find a "material and substantial change" in circumstances since entry of the August 2021 dispositional order. But this court has recognized that the statute no longer requires the party seeking modification to show a material and substantial change in circumstances to modify a dispositional order. *See, e.g.*, *In re M.M.*, No. 16-0548, 2016 WL 4036246, at *3-4 (Iowa Ct. App. July 27, 2016). "To the contrary, [the statute] implicitly recognizes the absence of a change in circumstances may demonstrate the purposes of a prior dispositional order cannot be achieved and modification is warranted." *Id.* at *4.

We turn, then, to whether removal is warranted. Although the court should permit the children to remain in the home when possible, removal is appropriate if there is clear and convincing evidence that the children cannot be protected from some harm that would justify a CINA adjudication and an adequate placement is available. Iowa Code § 232.102(4)(a)(2). The court must also determine that the children's continuation in the home would be against their welfare and identify the reasonable efforts that have been made. *Id.* § 232.102(4)(b).

As stated, the safety concerns that led to the CINA adjudication remain for the father. The father repeatedly stated his refusal to take a drug test to show sobriety, even claiming "he would rather have his parental rights terminated than to take a drug test." Later, the father claimed he was unavailable due to work but his claims are met with skepticism in light of the fact that he is self-employed and has demonstrated his availability to meet with the DHS worker during work hours for other reasons. Further, his overall conduct since February 2021—including his continued interaction with known drug users and his argumentative demeanor, which he was unable to control even during the modification hearing—supports this skepticism. Although the father claims there is no evidence to suggest there is drug use in the home, the DHS worker testified that when a person refuses to take a drug test, the department "typically assume[s] it is positive." *See, e.g.*, *In re C.F.*, No. 20-1067, 2020 WL 6482073, at *1 (Iowa Ct. App. Nov. 4, 2020). And the mother admitted that she and the father used marijuana and methamphetamine. Concern about the father's drug use is compounded by his indifference over whether the people he allows into the home use drugs. Without the father's cooperation with the DHS or participation in the services offered to him, the only

way to ensure the children's safety is through removal. Because these facts warrant removal, we affirm the modification of the dispositional order.

**AFFIRMED.**